IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD MARSDEN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES McGRADY, et al.** | : | **NO. 08-5580** |

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                                                             MARCH 31, 2009
UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Richard Marsden pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Correctional Institution in Hunlock Creek, Pennsylvania. For the reasons which follow, the habeas petition should be dismissed as time-barred.

### PROCEDURAL HISTORY

The habeas petition alleges that on June 2, 1980, following a guilty plea, Marsden was convicted in the Court of Common Pleas of Bucks County of First Degree Murder and two counts of Robbery and Conspiracy. See Hab. Pet. ¶¶ 1-5. Marsden states that he was sentenced to life in prison on June 5, 1980, id. ¶ 3; Petr.'s Br. at 2, and he did not file a direct appeal from the judgment of conviction, see Hab. Pet. ¶ 8; Petr.'s Br. at 2.

Although he did not directly appeal the conviction, petitioner alleges that he "immediately began requesting the Notes of Testimony." Id. at 2. According to Marsden, "[f]rom 1982 to 1988, [he] pursued [the] transcripts in more than one hundred communications

with various departments of the Commonwealth." Id.  Petitioner states that "[o]n September 16, 1988, [he] again filed a Motion for Production of Transcripts which included, inter alia, an allegation that his guilty plea was invalid because he was under the influence of psychotropic drugs at the time of its entry." Id. at 2-3.

He further states that he filed a Petition for Writ of Habeas Corpus in the Pennsylvania courts on April 6, 1989.  Id. at 3.  That petition "alleged a violation of his right to file a meaningful appeal due to the failure of the Clerk to provide his Notes of Testimony." Id. Marsden alleges that, while his state habeas petition was pending, he filed on May 29, 1989 in this Court a habeas petition under § 2254, and that federal habeas petition was dismissed for failure to exhaust state court remedies.  Id.  Petitioner states that the Bucks County Court of Common Pleas denied his state habeas petition on December 5, 1989, and he then filed another § 2254 petition in this Court, which was again dismissed for failure to exhaust state remedies on February 19, 1991.  Id.

Marsden represents that on April 26, 1991 he filed his first petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-46 and that neither the District Attorney of Bucks County nor petitioner's PCRA counsel were able to locate the Notes of Testimony from the underlying case. Id. at 3-4.  However, after an evidentiary hearing on July 1, 1993 at which petitioner and his plea counsel testified, including testimony regarding the voluntariness of Marsden's guilty plea, the PCRA Court denied the PCRA petition in August 1993.  Id. at 4-5.  According to petitioner, the Court found that "the original Notes of Testimony were lost, that petitioner's testimony was not credible and that plea counsel was effective." Id. at 5.  Petitioner states that on March 21, 1994, the Superior Court of Pennsylvania affirmed the

denial of the PCRA petition. Id.

He alleges that more than five and a half (5 ½) years later, on October 8, 1999, he filed a second PCRA petition which was denied on October 28, 2003, and that Pennsylvania's Superior Court "quashed" his appeal on March 9, 2004. Id. He further alleges that he then filed a state habeas petition on April 23, 2007 which the Court of Common Pleas treated as his third PCRA petition, and the Court dismissed the petition as untimely on May 9, 2007. Id. On appeal, petitioner states that he argued that his petition should have been considered timely because "the destruction of his Notes of Testimony by the Bucks County Clerk of Court constituted an exception to the PCRA timeliness provision for government interference." Id. at 6. However, petitioner indicates that on February 22, 2008, the Superior Court of Pennsylvania affirmed the PCRA Court's dismissal of the petition as untimely. Id.

The Clerk of Court received Marsden's federal habeas petition on November 28, 2008. See Hab. Pet. (Doc. No. 1) at 1. The § 2254 petition alleges that plea counsel's assistance was ineffective and that Marsden's guilty plea was not voluntary and knowing. See id. ¶ 12; Petr.'s Br. at 18-30. Petitioner also alleges that the failure of the Bucks County Common Pleas Court to provide him with the transcripts of his guilty plea colloquy constitutes a violation of his right to due process. Id. at 14-18.

## Discussion

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244 to impose a one-year period of limitation on applications for writs of habeas corpus by persons in state custody. See 28

U.S.C. § 2244(d)(1).  Pursuant to AEDPA, the limitation period begins to run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  Thus, unless one of the statutory exceptions applies, see id. § 2244(d)(1)(B)-(D), the one-year limitation period during which a federal habeas petition must be filed begins to run upon completion of direct review of the judgment of the state courts.  Id. § 2244(d)(1)(A).

In this case, the judgment of conviction became final nearly twenty-nine (29) years ago, on July 5, 1980, when the time for filing a direct appeal expired,[1] see Pa. R. App. P. 903(a) (appellant has 30 days to file a notice of appeal in the Superior Court).  Since petitioner's judgment of conviction became final prior to AEDPA's effective date of April 24, 1996, absent tolling of the limitation period, he had one year after that effective date to file a § 2254 petition.[2]

---

1. Petitioner states that he was sentenced on June 5, 1980 and that he did not file a direct appeal from the judgment of sentence.  See Petr.'s Br. at 2.

2. As explained above, under § 2244(d)(1)(D) the period of limitation may begin to run from "the date on which the **factual predicate** of the claim or claims presented **could have been discovered** through the exercise of due diligence."  See 28 U.S.C. § 2244(d)(1)(D) (emphasis added).  Here, one of petitioner's claims relates to the unavailability of transcripts.  However, by his own admission, he "immediately began requesting the Notes of Testimony" in 1980.  Indeed,

See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003); Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The Third Circuit has held that "[t]he statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." Merritt, 326 F.3d at 161 (citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)). With respect to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Here, Marsden does not allege that he had a PCRA petition or application for state post-conviction review pending during the one-year period of limitation which started running in April 1996. His first PCRA petition was pending from 1991 until 1994, before AEDPA's period

---

he claims that "[f]rom 1982 to 1988, [he] pursued [the] transcripts in more than one hundred communications with various departments of the Commonwealth," see Petr.'s Br. at 2, and among other things, he filed a state habeas petition in 1989 alleging a violation of his rights due to the unavailability of notes of testimony, see id. at 3. Therefore, obviously he had already discovered the factual predicate of this claim well before AEDPA's effective date in 1996, when the period of limitation began running in this case. In addition, even assuming arguendo that the "State act[ed] in violation of the Constitution," see § 2244(d)(1)(B), in failing to provide petitioner with transcripts, the habeas petition does not allege, among other things, circumstances which **"prevented** [him] from filing" his federal habeas petition after the running of the period of limitation, see 28 U.S.C. § 2244(d)(1)(B) (emphasis added). Nor does Marsden allege the violation of a "newly recognized" constitutional right. See id. § 2244(d)(1)(C). Therefore, petitioner is unable to benefit from a later starting date for the one-year limitation period. See 28 U.S.C. § 2244(d)(1)(B)-(D).

of limitation began running in this case. Marsden alleges that his second PCRA petition was filed on October 8, 1999.[3] See Petr.'s Br. at 5. Thus, under the habeas statute as amended by AEDPA, even assuming that petitioner's second PCRA petition (and any other petitions filed thereafter, for that matter) were "properly filed" for purposes of § 2244(d)(2), AEDPA's period of limitation was not tolled since the limitation period had already expired (more than two years earlier in April of 1997) by the time Marsden filed the second PCRA petition. See, e.g., Burns, 134 F.3d at 111. Thus, the PCRA petition and any petitions filed thereafter could have had no tolling effect on AEDPA's limitation period under § 2244(d)(2).[4] See, e.g., Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (AEDPA's period of limitation not tolled by state post-conviction petitions filed after the expiration of the limitation period), cert. denied, 535 U.S. 1034 (2002); Lomazoff v. Walters, 1999 WL 744331, at *3 (E.D. Pa. Sep. 23, 1999) (observing that state petitions filed after the expiration of AEDPA's one-year period of limitation could have no tolling effect).

---

3. He alleges that this second PCRA petition was quashed by the Superior Court on March 9, 2004. See Petr.'s Br. at 5.

4. In addition, the PCRA petitions which Marsden concedes were found untimely filed by the Pennsylvania courts also have no tolling effect on the period of limitation under § 2244(d)(2) because they were not "properly filed," see 28 U.S.C. § 2244(d)(2). In Pace v. DiGuglielmo, 125 S. Ct. 1807 (2005), the Supreme Court held: "When a postconviction petition is untimely under state law 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 1812. The Supreme Court further held that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." Id. at 1814; see also Merritt, 326 F.3d at 165 (holding that the Court was "bound by the state court's finding that [the petitioner's] second PCRA petition was untimely"); Brown v. Shannon, 322 F.3d 768, 775 n.5 (3d Cir. 2003) (observing that a PCRA petition which was found by the Pennsylvania courts as untimely filed may not be deemed "properly filed" within the meaning of § 2244(d)(2)), cert. denied, 539 U.S. 948 (2003).

Marsden did not file his § 2254 petition until, at the earliest, November 24, 2008,[5] more than twenty-eight (28) years after his judgment of conviction became final and **more than eleven and a half (11 ½ ) years** *after* the period of limitation *expired*.  Marsden raises this issue in his brief, and indeed, he concedes that since he failed to file his § 2254 petition within AEDPA's limitation period, absent equitable tolling, the habeas petition was not timely filed.  See Miller v. N.J. Dept. of Corrections, 145 F.3d at 617-18; Burns, 134 F.3d at 111; Petr.'s Br. at 7 ("Instantly, since the **Petitioner cannot meet the AEDPA's one-year statute of limitations**, his request for habeas relief can only be saved by the application of the doctrine of 'equitable tolling.'") (emphasis added).

The Court of Appeals for the Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances.  See Miller, 145 F.3d at 618.  In Merritt v. Blaine, the Court of Appeals reiterated "the two general requirements for equitable tolling: (1) that 'the petitioner has in some **extraordinary** way been **prevented** from asserting his or her rights;' **and** (2) that the petitioner has shown that 'he or she exercised **reasonable diligence** in investigating and bringing [the] claims.'"  Merritt, 326 F.3d at 168 (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)) (emphases added); see Lawrence v. Florida, 127 S. Ct. 327, 1085 (2007) (quoting Pace, 125 S. Ct. at 1814) (observing that a litigant seeking equitable tolling bears the burden of establishing "that he has been pursuing his rights diligently" **and** that "some extraordinary circumstance stood in his

---

5. In Burns, 134 F.3d at 113, the Court of Appeals for the Third Circuit held that a pro se prisoner's federal habeas petition is deemed "filed" at the moment he delivers it to prison officials for mailing to the district court.  Here, Marsden signed his petition and accompanying brief on Nov. 24, 2008.  See Hab. Pet. at 11; Petr.'s Br. at 30.  Therefore, he could not have delivered the petition any earlier than that date.

way") (emphasis added). "The law is clear that courts must be **sparing** in their use of equitable tolling." See Jones, 195 F.3d at 159 (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)) (emphasis added).

In this case, petitioner fails to allege circumstances which would warrant invoking the sparing doctrine of equitable tolling. It is noted that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy, 240 F.3d at 244; see Lawrence, 127 S. Ct. at 1085 ("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling"). Furthermore, lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling. See Jones, 195 F.3d at 160 (finding that equitable tolling is not applicable to a time-barred petition due to a petitioner's misunderstanding of AEDPA's requirements); School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling"). "Mere excusable neglect is [also] not sufficient." See Miller, 145 F.3d at 618-19.

Insofar as Marsden argues that AEDPA's statute of limitations should be equitably tolled due to his inability to obtain transcripts, see Hab. Pet. ¶12(A)-(B), petitioner fails to allege circumstances which **prevented** him in some **extraordinary** way from filing a timely federal habeas petition. See Lee v. United States, 2005 WL 1949441, at *5 (E.D. Pa. 2005) (citing United States v. Bruce, 2002 WL 31757938, at *1 (D. Del. Nov. 26, 2002)); United States v. Ramsey, 1999 WL 718079, at *2 (E.D. Pa. Aug. 26, 1999); see also Davis v. Artuz, 2001 WL 199454, at *3 (S.D. N.Y. Feb. 28, 2001) ("the petitioner must show that circumstances actually impeded the ability to file a timely petition"). Among other things, his ability to file this § 2254

petition without apparently having the desired transcripts, demonstrates that the lack of transcripts did not prevent him from filing a petition.  Further, by his own admission, in addition to other earlier filings, Marsden was able to file his first (and subsequent PCRA petitions) beginning in 1991 and was provided with the opportunity to testify (along with his plea counsel) with regard to his claims.  Id. at 3-5.  In addition, to the extent that Marsden alludes to the fact that two earlier federal habeas petitions were dismissed without prejudice in the late 1980's and early 1990's, it is noted that those petitions were pending well prior to the AEDPA's effective date in April of 1996, and those petitions had no effect on his ability to file a § 2254 petition within the one-year period of limitation, and they certainly did not prevent him from filing his federal habeas petition until more than twelve (12) years after the limitation period began running.

Moreover, **even if** Marsden had alleged extraordinary circumstances preventing him from asserting his rights, he fails to allege circumstances indicating that he exercised **reasonable diligence**.  See, e.g., Pace, 125 S. Ct. at 1815; LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005); Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005).  He did not file his habeas petition until more than twenty-eight (28) years after the judgment of conviction became final, and more than eleven and a half (11 ½) years after the period of limitation **expired**.  Marsden has not alleged facts sufficient to show that "the 'sparing' doctrine of equitable tolling" should be invoked in this case.  See Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (quoting Jones, 195 F.3d at 159), cert. denied, 540 U.S. 826 (2003); see also Brown, 322 F.3d at 774.  Accordingly, since he failed to file his § 2254 petition within the one-year period of limitation, his petition should be dismissed as time-barred.  See Brown, 322 F.3d

at 776; Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Here, for the foregoing reasons, it plainly appears that Marsden is not entitled to habeas relief.  Therefore, the petition should be dismissed.[6]

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue.  When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA may not issue unless the petitioner

---

6. As mentioned above, petitioner has raised the timeliness issue in his brief, conceding that his § 2254 petition is time-barred if equitable tolling is not warranted.  See Petr.'s Br. at 7 ("Instantly, since the Petitioner cannot meet the AEDPA's one-year statute of limitations, his request for habeas relief can only be saved by the application of the doctrine of 'equitable tolling.'").  Nevertheless, it is noted that the Supreme Court has held that district courts may consider, sua sponte, the timeliness of a state prisoner's habeas petition.  See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006); see also Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) ("a federal magistrate judge may raise the AEDPA statute of limitations issue [sua sponte] in a Report and Recommendation"); see, e.g., Hernandez v. Folino, 2006 WL 2136084, at *3 n.2 (E.D. Pa. July 27, 2006) (citing Day, 126 S. Ct. at 1684) (dismissing § 2254 petition as time-barred and approving and adopting a Report and Recommendation ("R&R") raising the statute of limitations issue sua sponte); Camilo v. Klem, 2006 WL 1687186, at *2 (E.D. Pa. June 15, 2006) (same); Cluck v. Shannon, 2006 WL 1648947, at *2 (E.D. Pa. June 8, 2006) (same).  It is further noted that the pre-printed habeas form which petitioner completed provided clear notice of the one-year period of limitation, see Hab. Pet. at 2 ¶ 2 (Doc. 1), and of course, as with the cases cited above, this R&R provides petitioner with further notice of the applicability of the limitations issue to his petition, and he has a reasonable opportunity to oppose the dismissal of his habeas petition through the filing of timely objections, should he so desire.  See, e.g., Knecht v. Shannon, 132 Fed. Appx. 407, 408 (3d Cir. May 25, 2005) (affirming dismissal of habeas petition as untimely where Magistrate Judge raised timeliness issue sua sponte in R&R adopted by the District Judge).

demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack, 529 U.S. at 484.  Here, for the reasons set forth above and in light of the aforementioned decisions invoking AEDPA's period of limitation as a procedural bar, a reasonable jurist could not conclude that the Court would be incorrect in dismissing the petition as time-barred.  See Slack, 529 U.S. at 484.  Accordingly, a COA should not issue.

My Recommendation follows.

**RECOMMENDATION**

**AND NOW**, this 31st day of March, 2009, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, **IT IS RECOMMENDED** that the habeas petition be **DISMISSED** as time-barred and that a certificate of appealability should not issue.[7]

      /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

7. Petitioner is advised that he may file objections to this Report and Recommendation. See Local R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.